# The State of New Hampshire

**MERRIMACK, SS.**                                            **SUPERIOR COURT**

## RECEIPT OF WRIT

DATE: November 4, 2009

DOCKET NUMBER: 09-C-523

Tammy Nedeau

v.

Kwik Stop, LLC and PJPatel Corp.

    The writ in the above-captioned matter was filed with the Clerk of this Court on November 3, 2009 at 8:01 AM.

    The plaintiff or his/her attorney is to attach a copy of this receipt to identical copies of the original writ and deliver them to the sheriff or other legally authorized entity for service on each named defendant. Sufficient copies shall be provided to allow for a service copy for each named defendant and a copy for each officer completing service to complete the return. The return copies shall be filed with the court in accordance with N.H. Superior Court Rule 3.

                                                           By Order of the Court

                                                           William S. McGraw, Clerk

# The State of New Hampshire

## SUPERIOR COURT

**MERRIMACK COUNTY**

( ) COURT
(x) JURY

## WRIT OF SUMMONS

Tammy Nedeau
182 Morrill Street
Gilford, NH 03249

v.

Kwik Stop, LLC                    and     PJPatel Corp.
78 Londonderry Turnpike, Unit G4          43 Muirfield Drive
Hooksett, NH 03106                         Stratham, NH 03885

The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the Superior Court at the address listed below by the return day of this writ which is the first Tuesday of ~~January~~, __2010__.
        YEAR                                                                                                        MONTH

The PLAINTIFF(S) state(s): See attached Declaration.

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.

_____ Benjamin T. King                          11/2/2009
INDORSER (sign and print name)                                   DATE OF WRIT

**NOTICE TO THE DEFENDANT**
The Plaintiff listed above has begun legal action against you. **You do not have to physically appear** in Court on the return day listed above since there will be no hearing on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by that date. (Appearance forms may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, ROBERT J. LYNN, Chief Justice, Superior Court.

_____
William S. McGraw, Clerk                 SIGNATURE OF PLAINTIFF/ATTORNEY
NH Superior Court Merrimack County
PO Box 2880                              Benjamin T. King, Esq., Bar NO. 12888
Concord, NH 03302-2880                   PRINTED/TYPED NAME
(603) 225-5501
                                         Douglas, Leonard & Garvey, P.C.
                                         ADDRESS
                                         6 Loudon Rd, Ste 502
                                         Concord, NH 03301     / (603) 224-1988
213-003-5                                                      PHONE

STATE OF NEW HAMPSHIRE

MERRIMACK, SS                                                                                  SUPERIOR COURT

Tammy Nedeau, on behalf of herself and all those similarly situated

v.

Kwik Stop, LLC and PJPatel Corp.

## DECLARATION

NOW COMES the plaintiff Tammy Nedeau, on behalf of herself and all those similarly situated, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Declaration:

**I.      Parties**

1.      The plaintiff Tammy Nedeau is a former employee of the defendants and resides at 182 Morrill Street, Town of Gilford, County of Belknap, State of New Hampshire.

2.      The defendant Kwik Stop, LLC, is a New Hampshire limited liability company with a principal place of business at 78 Londonderry Turnpike, Unit G4, Town of Hooksett, County of Merrimack, State of New Hampshire.

3.      The defendant PJPatel Corp. is a New Hampshire corporation with a principal place of business at 43 Muirfield Drive, Town of Stratham, County of Rockingham, State of New Hampshire.

**II.     Jurisdiction and Venue**

4.      Subject matter jurisdiction is proper pursuant to the provisions of 29 U.S.C. §216(b) and RSA 275:53.  The Court can exercise personal jurisdiction over the defendants because they are residents of New Hampshire.

5. Venue is proper pursuant to RSA 507:9 because the defendant Kwik Stop, LLC, is a resident of Merrimack County.

**III.   Facts**

6. The defendant Kwik Stop hired Ms. Nedeau as a part-time employee on or about December 26, 2006. Ms. Nedeau worked at the Kwik Stop convenience store located at 1355 Union Avenue, Laconia, New Hampshire.

7. In June of 2007, the defendant Kwik Stop named Ms. Nedeau "manager" and started paying her a "salary" of $470.00 per week. At or about this time, District Manager David McLoughlin told Ms. Nedeau that her new title meant that she was an "overpaid cashier."

8. Ms. Nedeau held the title of manager of the Union Avenue convenience store until on or about May 4, 2009, at which time the defendant Kwik Stop entered into an agreement to sell the store to the defendant PJPatel Corp.

9. Kwik Stop retained an ownership interest in the store until at least June 7, 2009, however, and continued to issue Ms. Nedeau her paychecks through at least June 5, 2009. Accordingly, from May 4, 2009, through June 5, 2009, Kwik Stop and PJ Patel Corp. were joint employers of Ms. Nedeau.

10. When the defendant Kwik Stop first gave Ms. Nedeau the title of manager, District Manager McLoughlin told Ms. Nedeau that she was not to work more than 40 hours per week.

10. Ms. Nedeau worked 40 hours per week until approximately August of 2007, when District Manager McLoughlin instructed her that she needed to work at least 45 hours per week at the same $470.00 weekly "salary."

2

11. From September of 2007 through May 4, 2009, Ms. Nedeau generally worked at least 45 hours per week and often worked 60-70 hours per week.

12. For weeks when Ms. Nedeau worked fewer than 45 hours, Kwik Stop would reduce her pay by $10.44 per hour for each hour under 45 hours that she worked, reducing her $470.00 "salary" by $10.44 if she worked a 44-hour week, reducing her "salary" by $20.88 if she worked a 43-hour week, and so forth.

13. While Kwik Stop occasionally paid Ms. Nedeau overtime compensation for a portion of the hours she worked in excess of 45 hours per week, Kwik Stop routinely failed and refused to pay Ms. Nedeau overtime compensation for all the hours that she worked in excess of 40 hours per week.

14. Despite Ms. Nedeau's title, her primary duty was customer sales, not management. She spent most of her time at the convenience store waiting on customers. In a given workday, she generally spent only five (5) minutes to half an hour on management functions such as ordering product, or hiring, firing, and training employees.

15. When Kwik Stop originally gave Ms. Nedeau the management title, District Manager McLoughlin advised Ms. Nedeau that she would be eligible to have health insurance as an employment benefit. Ms. Nedeau repeatedly requested from District Manager McLoughlin the paperwork to apply for health insurance. Kwik Stop never provided the paperwork and did not allow Ms. Nedeau to apply for or receive health insurance.

16. District Manager McLoughlin truly managed the store, not Ms. Nedeau. Ms. Nedeau held little discretionary power.

17. District Manager McLoughlin set the store's budget, allowing Ms. Nedeau to spend only $1,200.00 per week stocking the store.

18. At or about the time Kwik Stop named Ms. Nedeau "manager" of the store, she discovered that the store was stocking significant amounts of expired product. Ms. Nedeau could not remove the expired product from the shelves without District Manager McLoughlin's permission.

19. In or around late 2007, Ms. Nedeau had an idea to attract more customers to the store in the morning by offering a free muffin with the purchase of a coffee. District Manager McLoughlin forbade Ms. Nedeau from conducting this promotion.

20. District Manager McLoughlin instructed Ms. Nedeau that, if she had any ideas for improving the store, she should submit them in writing to him for his approval.

21. For significant periods of time, particularly in the summer of 2008, Ms. Nedeau had only one (1) sales associate working with her in the store. At times Ms. Nedeau had no sales associates. She never had more than three (3) sales associates.

22. Ms. Nedeau's hourly rate of pay (computed by dividing her weekly "salary" by the number of hours she actually worked each week) was often actually less than the rate of pay of sales associates working in the store.

23. Ms. Nedeau's gross pay was also at times less than the gross pay of her sales associates, despite the fact that the sales associates and she performed similar non-exempt work such as waiting on customers. The sales associates fared better than their "manager" because the defendant Kwik Stop paid the sales associates overtime compensation yet failed to pay such compensation to Ms. Nedeau.

24. The defendant Kwik Stop further failed to pay Ms. Nedeau appropriate compensation during a time period when she took vacation and had at least three (3) vacation days remaining as a benefit of her employment. During the week of November 10, 2008, Ms.

Nedeau worked three (3) days. Kwik Stop only paid Ms. Nedeau for those three (3) days, improperly deducting vacation time and a holiday from her pay. Kwik Stop paid Ms. Nedeau no compensation for the next week when she was on vacation.

25. Ms. Nedeau continued to work in excess of 40 hours per week from May 5, 2009, through June 12, 2009, when her employment terminated. The defendants removed her salaried status during this time period and paid her as an hourly employee. Nevertheless, the defendants still failed to pay Ms. Nedeau overtime compensation for all the hours in excess of 40 that she worked in a given week during this period.

### Class Action Allegations Against Kwik Stop, LLC

26. Upon information and belief, the defendant Kwik Stop has named non-exempt employees "managers" in an illegal scheme to avoid paying such employees overtime compensation in the convenience stores that it owns and/or operates throughout the State of New Hampshire.

27. Such Kwik Stop employees whom the defendant has illegally failed to pay overtime compensation are so numerous that joinder is impracticable.

28. Questions of law and fact concerning whether the defendant Kwik Stop illegally classified employees as managers in order to avoid the obligation to pay overtime compensation predominate over any questions affecting only individual class members.

29. Ms. Nedeau's claims for violation of 29 U.S.C. §207 are typical of the claims of other class members.

30. Ms. Nedeau will fairly and adequately protect the interests of the class as the class representative.

31. A class action is superior to any other available method for the fair and efficient adjudication of the claims of Kwik Stop employees throughout New Hampshire whom Kwik Stop has illegally failed and refused to pay overtime compensation by classifying them as managers and paying them a salary despite the non-exempt nature of their job duties.

32. The attorneys for Ms. Nedeau are experienced in class action litigation and will adequately represent the interests of the class.

## COUNT I

### (Violation of 29 U.S.C. §207 by Tammy Nedeau against Kwik Stop, LLC, on behalf of herself and all those similarly situated )

33. The allegations of the preceding paragraphs are incorporated herein by reference.

34. Pursuant to 29 U.S.C. §207, the defendant Kwik Stop was obligated to pay Ms. Nedeau and all other similarly situated employees overtime compensation for time worked in excess of 40 hours per week.

35. The defendant Kwik Stop willfully violated 29 U.S.C. §207, attempting to circumvent its obligation to pay Ms. Nedeau overtime compensation for the abundant overtime she worked by labeling her a "manager," despite the fact that her primary duty was customer service. The defendant committed the same violations of 29 U.S.C. §207 with respect to similarly situated employees whom it labeled "managers."

36. Because Ms. Nedeau's primary duty was not the management of any enterprise, the defendant Kwik Stop does not qualify for any overtime exemption category. Nor does Kwik Stop qualify for any overtime exemption category with respect to similarly situated employees whom it labeled "managers" whose primary job duties did not actually involve the management of any enterprise.

37. The defendant Kwik Stop further does not qualify for any overtime exemption category because the defendant failed to pay Ms. Nedeau a constant salary. Kwik Stop's improper practice of taking deductions from Ms. Nedeau's salary during weeks when she worked fewer than 45 hours renders the defendant unable to claim "salary basis" status. Nor does Kwik Stop qualify for any overtime exemption category with respect to similarly situated employees whom it likewise failed to pay a constant salary.

38. Kwik Stop's willful violations of 29 U.S.C. §207 entitle Ms. Nedeau and similarly situated employees to recover unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, interest and costs, and other damages as allowed by law.

## COUNT II

### (Violation of 29 U.S.C. §207 by Tammy Nedeau against Defendants Kwik Stop, LLC and PJPatel Corp)

39. The allegations of the preceding paragraphs are incorporated herein by reference.

40. From May 5, 2009, through June 12, 2009, during which time the defendants paid Ms. Nedeau as an hourly employee, the defendants persisted in failing to pay Ms. Nedeau overtime compensation for all the hours in excess of 40 that she worked per week, violating 29 U.S.C. §207.

41. The defendants' willful violations of 29 U.S.C. §207 entitle Ms. Nedeau to recover unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, interest and costs, and other damages as allowed by law.

## COUNT III

### (Violation of RSA 275:43 by Tammy Nedeau against Kwik Stop, LLC)

42. The allegations of the preceding paragraphs are incorporated herein by reference.

43. The defendant Kwik Stop, LLC, failed and refused to pay Ms. Nedeau all wages owing her, failing and refusing to pay her, among other things, vacation and holiday pay owing.

44. Ms. Nedeau is entitled to payment of the unpaid wages owed to her.

45. Ms. Nedeau is further entitled to liquidated damages pursuant to RSA 275:44, IV.

46. Ms. Nedeau is further entitled to her attorneys' fees pursuant to RSA 275:53, III.

WHEREFORE, the plaintiff Tammy Nedeau respectfully prays this Honorable Court:

A. Schedule this matter for trial by jury, and after hearing;

B. Find the defendant Kwik Stop, LLC, liable for willful violations of 29 U.S.C. §207 for failure to pay overtime compensation owing the plaintiff Tammy Nedeau from August 1, 2007, through May 3, 2009;

C. Award the plaintiff Tammy Nedeau all overtime compensation owing her from August 1, 2007, through May 3, 2009, plus liquidated damages, attorneys' fees and interest and costs;

D. Find the defendants Kwik Stop, LLC, and PJ Patel Corporation liable for willful violations of 29 U.S.C. §207 for failure to pay overtime compensation owing the plaintiff Tammy Nedeau from May 4, 2009, through June 12, 2009;

E. Award the plaintiff Tammy Nedeau all overtime compensation owing her from May 4, 2009, through June 12, 2009, plus liquidated damages, attorneys' fees and interest and costs;

F. Find that the defendant Kwik Stop, LLC, violated RSA 275:43 by failing to pay Ms. Nedeau wages owing her, including vacation pay and holiday pay;

G. Award the plaintiff Tammy Nedeau unpaid wages owing her, plus liquidated damages, attorneys' fees, interest and costs;

H. Certify a class consisting of all Kwik Stop, LLC, employees for the past three (3) years whom Kwik Stop, LLC, paid a salary, and refused to pay overtime compensation for hours worked in a week in excess of 40, based on classifying the employees as "store managers";

I.  Award all class members all overtime compensation owing them for the past three (3) years, plus liquidated damages, attorneys' fees and interest and costs; and

J.  Grant such other and further relief as is just and equitable.

Respectfully submitted,
TAMMY NEDEAU
By her attorneys,
DOUGLAS, LEONARD &
GARVEY, P.C.

Date: November 2, 2009          By: _____
Benjamin T. King, Bar #12888
6 Loudon Road, Suite 502
Concord, NH 03301-5321
(603) 224-1988

9