*Plaintiff's plan approved with the revisions indicated. If class is certified, counsel may submit revised discovery plan for court's consideration. So ordered.*

*[Signature]*
*3/2/10*

Case 1:09-cv-00442-PB   Document 13   Filed 03/02/10   Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Tammy Nedeau, on behalf of herself individually) 
and all others similarly situated )
) C.A. No. 1:09-cv-442-PB
v. )
)
Kwik Stop, LLC and PJ Patel Corp. )

## PLAINTIFF'S PROPOSED DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** February 17, 2010

**COUNSEL PRESENT/REPRESENTING:**
   Benjamin T. King, Esq., Douglas, Leonard & Garvey, P.C., representing Plaintiff
   Christopher P. Flanagan, Esq., Wilson Elser, representing Defendant Kwik Stop, LLC
   Daniel R. Tenczar, Esq. representing Defendant PJ Patel Corp.

### CASE SUMMARY

**THEORY OF LIABILITY:** The plaintiff alleges violation of the Fair Labor Standards Act, 29 U.S.C §207 for failure to pay overtime compensation owing and violation of RSA 275:43 for failure to pay wages owing. The plaintiff further alleges that the defendant Kwik Stop, LLC, has committed violations of 29 U.S.C. §207 that affect a class of current and former Kwik Stop, LLC, employees.

**THEORY OF DEFENSE:** The defendants deny liability.

**DAMAGES:** Unpaid overtime compensation, liquidated damages, lost wages, interest, costs and attorney's fees.

*IF CERTIFICATION GRANTED*

**DEMAND:** November 1, 2010     *February 1, 2011*

**OFFER:** December 15, 2010     *March 1, 2011*

**JURISDICTIONAL QUESTIONS:** None

**QUESTIONS OF LAW:** Whether a class should be certified consisting of non-exempt Kwik-Stop, LLC, employees whom Kwik-Stop, LLC, classified as managers and failed to pay overtime compensation.

**TYPE OF TRIAL:** Jury trial. The defendants have agreed to a jury-waived trial.

## DISCOVERY PLAN

**TRACK ASSIGNMENT:** COMPLEX — 24 MONTHS (because of the potential for the certification of a class)

**DISCOVERY NEEDED:** Depositions, interrogatories, requests for production, and requests for admission on issues relating to liability and damages.

**MANDATORY DISCLOSURES, Fed.R.Civ.P. 26(a)(1):** ~~30~~ 45 days from preliminary pretrial conference.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):** The parties agree to produce electronically stored information ("ESI") as permitted under Fed. R. Civ. P. 34, in an electronic format which is reasonably accessible and searchable and which maintains the integrity of the ESI's embedded data and metadata. The parties acknowledge that they have an ongoing duty to preserve all evidence (including ESI) which may be relevant to this action.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** The parties agree that in the event a disclosing party inadvertently produces privileged or trial preparation materials, it will immediately notify the requesting party of such disclosure. After the requesting party is so notified, it will return, sequester or destroy all information and copies and may not disclose or use this information in the course of the litigation until the claim of privilege or protection as trial preparation materials is resolved. The parties further agree that should material protected by the attorney-client privilege and/or the work product doctrine be inadvertently produced during discovery, such material will not constitute a general waiver of privilege. Finally, the parties agree that they will attempt to resolve disputes regarding the assertion of privilege between themselves and if unable to do so, will file a motion with the court for *in camera* review and decision on the issue.

**COMPLETION OF DISCOVERY:**
  (1) Date all discovery complete *[approximately 60 days prior to trial date according to track]*: ~~June 15, 2011~~ June 1, 2011
  (2) *If there are issues for early discovery, date for completion of discovery on those issues:* N/A.

**INTERROGATORIES:** A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service, unless otherwise agreed to pursuant to Fed.R.Civ.P. 29.

**REQUESTS FOR ADMISSION:** A maximum of 20 requests for admissions by each party to any other party. Responses due 30 days after service, unless otherwise agreed to pursuant to Fed.R.Civ.P. 29.

**DEPOSITIONS:** A maximum of 10 depositions by each party. Each deposition shall be limited to a maximum of 7 hours, unless extended by agreement of the parties or the court.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:** *March 1, 2011*
    **Plaintiff:** February 1, 2011    **Defendant:** ~~April 1, 2011~~
    Supplementation under Rule 26(e) is to be made seasonably, pursuant to the rule.

*Advise the court whether the parties have stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).* N/A

**CHALLENGES TO EXPERT TESTIMONY** [no later than 45 days prior to trial]: ~~July 1, 2011~~ *June 15, 2011*

## OTHER ITEMS

**JOINDER OF ADDITIONAL PARTIES:**
    **Plaintiff:** March 1, 2010    **Defendant:** March 1, 2010

**THIRD-PARTY ACTIONS:** March 1, 2010

**AMENDMENT OF PLEADINGS:**
    **Plaintiff:** March 15, 2010    **Defendant:** March 15, 2010

*MOTION TO CERTIFY CLASS: July 1, 2010*
**DISPOSITIVE MOTIONS:**
    **To Dismiss** [90 days after the Preliminary Pretrial Conference]: ~~May 15, 2010~~ *June 1, 2010*
    **For Summary Judgment** [120 days prior to the date set for trial]: April 15, 2011

**SETTLEMENT POSSIBILITIES:** Cannot be evaluated prior to January 1, 2011.

**JOINT STATEMENT RE MEDIATION:** The parties have not agreed to any mediation as of this date, but will provide a joint statement regarding the suitability of mediation by January 15, 2011.

**WITNESS AND EXHIBITS:** [NO DATES NECESSARY; DUE DATES – 10 DAYS BEFORE FINAL PRETRIAL CONFERENCE BUT NOT LESS THAN 30 DAYS BEFORE TRIAL FOR LISTS (INCLUDED IN FINAL PRETRIAL STATEMENTS) AND 14 DAYS AFTER SERVICE OF FINAL PRETRIAL STATEMENT FOR OBJECTIONS – SET BY CLERK'S NOTICE OF TRIAL ASSIGNMENT.]

**TRIAL ESTIMATE:** 3-5 days

**TRIAL DATE:** The two-week trial period beginning August 16, 2011

**PRELIMINARY PRETRIAL CONFERENCE:** The parties have not been able to agree upon a discovery plan and request a preliminary pretrial conference with the Court before entry of the scheduling order.

**OTHER MATTERS:** None.

3

                                      Respectfully Submitted,

                                      TAMMY NEDEAU
                                      By her attorneys,
                                      DOUGLAS, LEONARD & GARVEY, P.C.,

Date: February 19, 2010                  By:/s/ Benjamin T. King
                                      Benjamin T. King (N.H. Bar No. 12888)
                                      6 Loudon Road, Suite 502
                                      Concord, NH 03301
                                      603.224.1988
                                      benjamin@nhlawoffice.com

## CERTIFICATE OF SERVICE

      I hereby certify that I this date caused the within document to be served on all counsel of record via the ECF system.

                                      /s/Benjamin T. King
                                      Benjamin T. King